UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Helene Maria Riley, | ) | C/A: 6:14-350-TMC-KFM |
|             Plaintiff, | ) | |
| vs. | ) | **Report and Recommendation** |
| Seth Bartlett, | ) | |
|             Defendant. | ) | |

The sole issue in this Report and Recommendation is whether Helene Maria Riley ("Plaintiff") should be required to pay the filing fee, or whether Plaintiff's financial condition justifies waiver of the payment. Plaintiff files a civil action against an agent of the Internal Revenue Service for alleged misconduct.

Plaintiff has filed an Application to Proceed Without Prepayment of Fees and Affidavit (AO Form 240), which has been docketed as a Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a). ECF No. 5. In her application, Plaintiff reports income of approximately $2000.00 a month; a bank account balance of $2,000.00; and ownership of real and personal property valued at $350,000.00. ECF No. 5 at 1-2. This information raises serious questions over the application to proceed without prepayment of fees.

A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-44 (1948). Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir.1980). *See also Matchem v. U.S. Postal Service*, 947

F.2d 941 (Table)(4th Cir. Nov. 12, 1991)(quoting *Dillard* and affirming the denial of a motion to proceed *in forma pauperis* when Plaintiff admitted her savings account contained $1,106.51). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who ... would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir.1972). In *Carter v. Telectron, Inc.*, 452 F.Supp. 939 (S.D.Tex.1976), the court enunciated three legal tests used to determine whether a person should proceed *in forma pauperis* under 28 U.S.C. § 1915:

> (1) Is the litigant barred from the federal courts by the reason of her "impecunity"?
> (2) Is her access to the courts blocked by the imposition of an undue hardship?
> (3) Is the litigant forced to contribute her last dollar, or render herself destitute, to prosecute her claim?

*Id*. at 943; *see also Abbot v. Commissioner of Social Security*, C/A No. 4:10–2253–JFA–TER, 2010 WL 4226151, at *1 (D.S.C. Sept. 17, 2010); *Schoenfeld v. Donaghue*, C/A No. 4:07–617–RBH, 2007 WL 1302659, at *3 (D.S.C. May 2, 2007).

Upon a review of all the information before the Court, mindful of the tests set forth in *Carter*, it does not appear that the Plaintiff would be barred from federal court because she simply does not have the money for the filing fee, nor that paying that fee would effectively block her access to the courts by imposing on her an "undue hardship," nor that the fee would wring from her her last dollar or essentially render her destitute. *See Carter*, 452 F. Supp. at 942 (holding plaintiff was not indigent because he had the right to collect a judgment of $5,486.76). Hence, Plaintiff's application to proceed *in forma pauperis* should be denied. If Plaintiff wishes for this case to proceed, she must pay the $350.00

filing fee in addition to an administrative fee of $50.00 or file objections to this Report and Recommendation explaining why she should be allowed to proceed *in forma pauperis.*

## Recommendation

It is therefore recommended that the Motion for Leave to Proceed *In Forma Pauperis* be denied. If this Report and Recommendation is adopted by the district court, it is also recommended that Plaintiff be given 15 days after the entry of the district court's order to pay the $350.00 filing fee and $50.00 administrative fee. **Plaintiff's attention is directed to the important notice on the next page.**

s/ Kevin F. McDonald
United States Magistrate Judge

February 26, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).