IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Helene Maria Riley, ) | |
| ) | Civil Action No. 6:14-350-TMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Seth Bartlett, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). The plaintiff, who is proceeding *pro se*, filed a complaint against the defendant, who is an Internal Revenue Service ("IRS") agent, in this court on February 7, 2014. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) DSC, all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## FACTS PRESENTED

The plaintiff is a retired college professor (doc. 1-1, request for relief at p. 2). From July 1, 1985, to July 1, 2009, she was a full time professor of German at Clemson University's Department of Languages (*id*. at 13). Since her retirement, the plaintiff continues to lecture and write on topics in her field (*id*. at 2). She reports her income and expenses from her lecturing and writing on her tax returns on a Schedule C (*id.*).

The IRS selected the plaintiff's 2011 and 2012 federal income tax returns for examination. The defendant IRS agent was assigned to conduct the examination of those returns. As a result of the defendant's examination, the IRS proposed increases to the plaintiff's tax liabilities for the 2011 and 2012 tax years. The proposed increases in tax result from adjustments to the items reported on the plaintiff's Schedules A (itemized

deductions) and C (profit or loss from business). The IRS has yet to issue the plaintiff a notice of deficiency for the 2011 and 2012 tax years.

The plaintiff alleges that the defendant's conduct during the examination of the tax returns was "abusive, harassing, untruthful, unprofessional, and rude to an unacceptable degree" (doc. 1-1, request for relief at p. 2). Specifically, she alleges that the defendant was rude to her at their July 3, 2013, teleconference and that the defendant failed to appear at meetings scheduled for September 13, 2013, and November 20, 2013 (*id*. at pp. 2-4.)

The plaintiff further alleges that on the dates that the defendant failed to appear for their scheduled meetings, her home alarm system reported "intrusions" at her home (*id.* at p. 4). Upon returning home on November 20, 2013, the plaintiff allegedly discovered that her locked filing cabinet was forced open and some documents were missing (*id*. at pp. 4-5). The plaintiff suggests that the defendant carried out the alleged intrusions (*id*. at pp. 4-5, 8-10.)

While at the local IRS office on November 20, 2013, the plaintiff met with Steve Lee, an IRS employee, and made a statement regarding the audit (*id*. at pp. 6-8). In her statement, the plaintiff stated that she has been subject to repeated audits and that the audits are unwarranted in light of the outcome of her tax court case, *Riley v. Commissioner*, Docket No. 12408-93S[1] (hereinafter referred to as the "1993 tax court case") (*id*. at p. 7). Subsequently, the plaintiff requested that the IRS review any changes made to her tax returns since the tax court's ruling, which was entered on September 13, 1994, to ensure that all changes made to her returns were consistent with the ruling (*id*. at p. 8). She also requested a refund of any taxes she paid as a result of any changes made to her returns that were inconsistent with the tax court's ruling (*id*.).

---

[1] In her tax court case, the plaintiff challenged a notice of deficiency in the amount of $1,654.00 on her 1991 return. The proposed deficiency resulted in adjustments to her Schedule C (profit or loss from business). According to the defendant, after a trial, the tax court held that the plaintiff was not allowed to claim certain Schedule C expenses for her home office under 26 U.S.C. § 280A. The tax court then determined that the plaintiff's deficiency for the 1991 tax year was $1,204.00.

2

In her complaint, the plaintiff seeks (1) a declaration that her post-1993 tax liabilities must be determined consistent with her 1993 tax court case; (2) a refund of any taxes found to be erroneously assessed against her from the review of the IRS's examinations of her post-1993 tax returns; (3) damages related to alleged home intrusions, which the plaintiff suggests may have been perpetrated by the defendant, and allegedly excessive and successive audits; (4) removal of the defendant as the agent assigned to examine the plaintiff's tax returns for the 2011 and 2012 tax years; and (5) an investigation by Crimestoppers Alarm Systems of alleged home intrusions (doc. 1, comp. at p. 3; doc. 1-1, request for relief).

On May 30, 2014, the defendant filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim (doc. 26) pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). On June 2, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if she failed to respond adequately. The plaintiff filed a response in opposition to the motion to dismiss on June 17, 2014 (doc. 33), and the defendant filed a reply on June 26, 2014 (doc. 35).

## APPLICABLE LAW AND ANALYSIS

*Subject Matter Jurisdiction*

The plaintiff's claims for relief are properly viewed as claims against the United States because the United States is the proper defendant in actions against IRS employees in which the taxpayer alleges misconduct by the IRS employees with respect to taxes. *See Aderinto v. Tax Payer Advocate*, C.A. No. 3:08-1551-JFA-BM, 2008 WL 2077910, at *3 (D.S.C. May 14, 2008) ("Hence, the United States, not the IRS or individual Internal Revenue Service (IRS) employees, is the proper defendant in a taxpayer's action alleging misconduct by the Internal Revenue Service with respect to taxes."). *See also Johnson v. Barr*, C.A. No. 7:11-cv-104-BO, 2012 WL 7983770, at *1 (E.D.N.C. Oct. 2, 2012) ("Courts in the Fourth Circuit have recognized that the United States, and not its individual employees, is the proper party in a suit based on actions taken by IRS employees in their

3

official capacity."). Here, all of the plaintiff's allegations focus on the actions taken by defendant Bartlett in the course of his work as an IRS agent. Accordingly, the court should deem this case to be against the United States and consider its motion to dismiss as discussed below.

Under the doctrine of sovereign immunity, the United States cannot be sued without its express consent. *United States v. Testan*, 424 U.S. 392, 399 (1976). The terms of the United States' consent define the court's jurisdiction. *Id.*; *United States v. Dalm*, 494 U.S. 596, 608 (1990). The United States Court of Appeals for the Fourth Circuit has explained:

> All waivers of sovereign immunity must be "strictly construed ... in favor of the sovereign." For that reason, it is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to his particular claim. If the plaintiff fails to meet this burden, then the claim must be dismissed.

*Welch v. United States*, 409 F.3d 646, 650-51 (4th Cir. 2005) (citations omitted). Absent a waiver of sovereign immunity, the court must dismiss the action. *See, e.g., United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Here, the plaintiff has failed to show that the United States has waived its sovereign immunity for any of the relief sought. The plaintiff seeks a declaration from the court that her tax liability for each year post-1993 must be consistent with her 1993 tax court case. Such a declaration would not only force the IRS to reexamine the plaintiff's post-1993 returns, but also halt the IRS's current examination of her tax liabilities for the 2011 and 2012 tax years. By asking the court to declare that her tax liability must be determined consistent with her 1993 tax court case, the plaintiff seeks a declaration of her rights with respect to her income tax liabilities. *See Johnson*, 2012 WL 7983770, at *2 ("Pursuant to the DJA, where a plaintiff seeks declaratory relief in the form of a determination that the defendants have deprived them of constitutional rights with respect to the assessment and collection of federal taxes this court lacks jurisdiction."). This relief is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201(a), which bars the court from declaring the

rights of an individual with respect to taxes except in limited circumstances not applicable here. *See Branca v. United States*, 312 F. App'x 160, 161 (11th Cir. 2008).

Furthermore, the Anti-Injunction Act states that "no suit for the purposes of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). Here, the relief sought by the plaintiff would prohibit the IRS from concluding its examination of her 2011 and 2012 tax returns, examining any future tax returns, and collecting any tax that she perceives to be inconsistent with the tax court decision, and thus this relief is clearly barred by the Anti-Injunction Act. *See, e.g., Enochs v. Williams Packing*, 370 U.S. 1, 7 (1962); *Judicial Watch v. Rosetti*, 317 F.3d 401, 405-407 (4th Cir. 2003) (explaining that the Anti-Injunction Act applies to disputes over audits to determine tax liability). Furthermore, as argued by the defendant, none of the statutory or judicial exceptions to the Anti-Injunction Act apply to the plaintiff's complaint (doc. 26, def. m. to dismiss at pp. 7-8). *See* 26 U.S.C. 7421(a) (listing the sections in the Internal Revenue Code that are statutory exceptions to the Anti-Injunction Act); *Williams Packing*, 370 U.S. at 7 (Absent a statutory exception, a district court may enjoin the collection of taxes only if it is clear from the information available to the United States at the time of the suit that the United States could not prevail under any circumstances, and no adequate remedy at law exists). Based upon the foregoing, pursuant to the Declaratory Judgment Act and the Anti-Injunction Act, this court lacks jurisdiction over this claim for relief.

In addition to non-monetary relief, the plaintiff seeks a refund of any taxes found to be erroneously assessed against her from the review of the IRS's examinations of her post-1993 tax returns. Even if the court could declare that the plaintiff's post-1993 tax liabilities must be determined consistent with her tax court case, the court would not have jurisdiction over her claim for a refund because the plaintiff has not alleged sufficient facts to establish a waiver of sovereign immunity under 26 U.S.C. § 7422(a), which provides.

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum

> alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). In addition, another prerequisite to suit is full payment of the disputed taxes. *See Flora v. United States*, 362 U.S. 145, 177 (1960). Here, the plaintiff does not allege that she has fully paid her tax liabilities post 1993, and she has not alleged that she filed an administrative claim for refund. Although the plaintiff in her affidavit requested a refund of any taxes found to be erroneously assessed (doc. 1-1, request for relief at pp. 6-8), the affidavit does not satisfy the requirements of a claim for refund. *See* 26 C.F.R. §§ 301.6402-2, 301.6402-3. Based upon the foregoing, the court lacks jurisdiction over the plaintiff's claim for a refund.

The plaintiff also seeks an unspecified amount of damages resulting from the alleged home intrusions and excessive and successive audits (doc. 1, comp. at p. 3; doc. 1-1, request for relief at p. 10). In response to the motion to dismiss, the plaintiff specifies the damages she seeks for the alleged home intrusions: $550.00 for a new filing cabinet; $1,160 as reimbursement for lost wages; $399,000 as reimbursement for the sale of her home; $3,000 in moving fees; and $100,000 in damages (doc. 33, pl. resp. to m. to dismiss at pp. 1-3). Sections 7431, 7432, and 7433 of the Internal Revenue Code contain waivers of the United States' sovereign immunity for certain damage actions related to taxes. However, as argued by the defendant, none of those waivers apply here. Specifically, section 7431 does not apply because it only operates as a waiver of sovereign immunity for wrongful disclosure or unauthorized inspection of tax return information – not damages related to the examination and assessment of taxes. 26 U.S.C. § 7431(a). Similarly, section 7432 does not apply because it only operates as a waiver of sovereign immunity for failure to release a tax lien – again, not damages related to the examination and assessment of taxes. 26 U.S.C. § 7432(a). Likewise, section 7433 does not apply because it only waives the United States' sovereign immunity for damages resulting "in connection with any

collection of Federal tax." 26 U.S.C. § 7433(a). Here, the plaintiff's alleged damages are not in connection with the collection of tax, but rather the examination and assessment of her tax. *See Judicial Watch*, 317 F.3d at 411 ("To be sure, § 7433 provides for a 'civil action' only for damages arising from the 'collection' of taxes, not for damages arising from the investigation and determination of tax liability.").

Furthermore, the waiver of sovereign immunity in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*., is also inapplicable to the plaintiff's suit. The FTCA's waiver of sovereign immunity for certain damages does not apply to claims with respect to the assessment and collection of any tax. 28 U.S.C. § 2680(c). Because the plaintiff seeks to recover damages for alleged torts committed in the assessment of her taxes, the FTCA does not operate as a waiver of the United States' sovereign immunity. *See Perkins v. United States*, 55 F.3d 910, 913 (4th Cir. 1995). To the extent her damages claims concern the alleged home intrusion, the plaintiff did not file an administrative claim as required by 28 U.S.C. § 2675(a). Based upon the foregoing, the plaintiff's claims for damages should be dismissed for lack of jurisdiction.

The plaintiff also seeks removal of defendant Bartlett as her examiner and an investigation into the alleged home intrusions by Crimestoppers Alarm Systems. As discussed above, the burden is on the plaintiff to demonstrate that the United States has waived its sovereign immunity for this relief. However, there is no applicable waiver of sovereign immunity for these claims. Accordingly, the claims should be dismissed for lack of subject matter jurisdiction.

To the extent the plaintiff's allegations are construed as a *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[2] action against defendant Bartlett, the Fourth Circuit has refused to extend *Bivens* actions to

---

[2]In *Bivens*, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *Id*. *See also Osabutey v. Welch*, 857 F.2d 220, 221–223 (4th Cir.1988).

7

disputes arising from the examination, assessment, or collection of taxes. *See Judicial Watch*, 317 F.3d at 409-413.  The Fourth Circuit explained that a *Bivens* remedy is not appropriate because Congress has established a complex statutory scheme to allow taxpayers to seek redress for disputes concerning taxes. *Id.* at 410-13 (identifying the numerous procedures in the Internal Revenue Code that allow a taxpayer to challenge actions of the IRS).

***Failure to State a Claim***

Alternatively, the defendant argues that even if the plaintiff could maintain a *Bivens* action, she has failed to state a claim against Bartlett.  Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted.  Rule 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 569).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

In her complaint, the plaintiff fails to allege any facts that demonstrate that her Fourth Amendment rights were violated by Bartlett. Her specific allegations as they relate to Bartlett concern a meeting she had with him on July 3, 2013; Bartlett's failure to show up for meetings on September 13, 2013, and November 20, 2013; and a phone call she received sometime after November 20th (doc. 1-1, request for relief at pp. 2-5).  The plaintiff then alleges that her home alarm system reported intrusions on September 13, 2013, and November 20, 2013, and that some documents were missing after the November

20th intrusion (*id.* at pp. 4-5).  She suggests that Bartlett may be responsible for the alleged home intrusions since the alleged intrusions occurred on the dates he failed to show up for meetings with her.  The plaintiff's suspicion of misconduct by Bartlett alone is insufficient to raise a right to relief above the speculative level and to state a plausible claim for relief.  Accordingly, the plaintiff has failed to state a claim against defendant Bartlett.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the defendant's motion to dismiss (doc. 26) should be granted.  Should the district judge adopt this recommendation, any pending nondispositive motions will be rendered moot.

s/ Kevin F. McDonald
United States Magistrate Judge

August 13, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).